NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4192
_____


UNITED STATES OF AMERICA

v.

MADELINE WRIGHT,

Appellant


_____


On Appeal from the United States District Court
For the District of New Jersey
(D.C. Criminal Action No. 2-10-cr-00320-001)
District Judge:  Honorable Stanley R. Chesler
_____

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2011
_____

Before:  RENDELL, AMBRO, and NYGAARD, Circuit Judges

(Opinion filed: November 22, 2011 )
_____

OPINION
_____

AMBRO, Circuit Judge

Madeline Wright pled guilty to one count of wire fraud in May 2010.  The District

Court for the District of New Jersey sentenced Wright in October of that year, and she

filed a timely notice of appeal. Subsequently, Wright's attorney moved to withdraw as counsel under *Anders v. California*, 386 U.S. 738 (1967), asserting that all potential grounds for appeal are frivolous. Wright has filed *pro se* briefs in support of her appeal. We grant her counsel's *Anders* motion and affirm her sentence.

## I.

As a bookkeeper, Wright embezzled over $2.4 million from her employer. The money came through about 120 wire transfers spanning nearly a decade. To hide her transactions, she created at least 1,875 false entries in her employer's accounting system. Untangling those entries has cost the employer $350,000.

Wright waived her right to an indictment by grand jury. Instead, prosecutors issued an information charging her with one count of wire fraud in violation of 18 U.S.C. § 1343. Wright appeared before the District Court and, pursuant to a written plea agreement, pled guilty to that charge. The Court conducted an adequate plea colloquy, which Wright does not challenge.

After a separate sentencing hearing, the District Court sentenced Wright to 60 months of imprisonment, three years of supervised release, restitution in the amount of $2,476,155, and a special assessment of $100.

## II.

Our rules provide that "[w]here, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. L.A.R. 109.2(a). If we concur with counsel's assessment, we "grant [the] *Anders* motion, and dispose of

2

the appeal without appointing new counsel." *Id.* Accordingly, our "inquiry is . . . twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In his *Anders* brief, Wright's attorney identified three potential grounds for appeal: (1) the District Court's jurisdiction; (2) the validity of Wright's guilty plea; and (3) the reasonableness of Wright's sentence. Our review of the record confirms counsel's assessment that there are no nonfrivolous issues for direct appeal.

First, we agree that the District Court had jurisdiction under 18 U.S.C. § 3231. Second, we uphold the validity of Wright's plea agreement. The District Court conducted a thorough plea hearing complying with the standards set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969), and Federal Rule of Criminal Procedure 11. At her plea hearing, Wright was advised of her rights and the consequences of pleading guilty. The Court reviewed the wire fraud charge, the statutory maximum penalties, and Wright's waiver of her right to a grand jury indictment. It also complied with the specific colloquy requirements set out in Federal Rule of Criminal Procedure 11(c), advising Wright of the federal trial rights that she waived by pleading guilty.

Third, Wright's sentence is procedurally and substantively reasonable. The District Court properly conducted the sentencing hearing following the three-step process that we outlined in *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). District courts must calculate a defendant's Sentencing Guidelines range, rule on any departure motions, and sentence based on the relevant factors in 18 U.S.C. § 3553(a). In this case,

3

the District Court properly calculated Wright's Guidelines range of 51 to 63 months of imprisonment and considered factors raised by the parties, including Wright's personal statements. There were no departure motions. In addition, the sentence itself was substantively reasonable in light of the facts to which Wright pled guilty.

In her *pro se* brief, Wright raises four particular objections to her sentence: (1) the application of the acceptance-of-responsibility reduction; (2) the application of the sophisticated-means enhancement; (3) the application of the abuse-of-position-of-trust enhancement; and (4) the District Court's alleged failure to consider mitigating circumstances in its 18 U.S.C. § 3553(a) analysis. Wright did not raise these objections during sentencing, so we review her claims for plain error. *See United States v. Berry*, 553 F.3d 273, 279 (3d Cir. 2009). She must show an error, it must be obvious, and it must affect a substantial right. *Id.* If all three conditions are met, we may then exercise our discretion to alter the sentence, "but only if . . . the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

First, Wright received the three-point downward adjustment for acceptance of responsibility that she seeks on appeal. Contrary to her assertion, the presentence report, which the District Court adopted, provided the appropriate three-point adjustment, not merely a two-point adjustment.

Second, the sophisticated-means enhancement was appropriate. The Guidelines call for the enhancement when there is "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1

4

cmt. n.8(B).  Here, Wright shuttled funds across various client accounts, on average creating 13 false entries per transaction to hide her fraud.  She changed her means as her employer implemented new control rules, allowing her to continue her scheme for eight and a half years.  That the fraud required only the skills and software that she would otherwise use in her job does not make it any less sophisticated.  *See, e.g.*, *United States v. Humber*, 255 F.3d 1308, 1313-14 (11th Cir. 2001) ("Humber's crime against the Bank involved continuous acts of fraud over a seven year basis. . . .  It took external auditors eight months to unravel, and[] the record reflects that the full extent of the crime may never be known.").

Third, the District Court properly applied the abuse-of-position-of-trust enhancement.  Her position left her with enough discretion in reconciling accounts to perpetrate this fraud.  Such discretion is the hallmark of this enhancement.  *See* U.S.S.G. § 3B1.3 cmt. n.1.  That she was not supervising other employees is not dispositive.  Furthermore, the factors that guided our analysis in *United States v. Thomas*, 315 F.3d 190 (3d Cir. 2002), support the District Court's conclusion.  Wright's "position allow[ed her] to commit a difficult-to-detect wrong," as shown by the investment of time and money that it has taken to uncover it.  *Id.* at 204.  Her position gave her authority over the accounts.  *Id.*  By the time she was caught, she had been promoted to Senior Quality Control Analyst.  Finally, Wright's employer "did not monitor [her] closely and appeared to rely on her judgment and integrity," *id.*, as she was able to embezzle money for almost a decade without anyone noticing.

Fourth, the District Court properly considered the applicable § 3553(a) factors. For example, though Wright's counsel insisted at sentencing that "my client has no intention of arguing her past or her history or her life experience," the Court addressed those factors. Despite its own investigation, in concert with the Probation Department, the Court could not corroborate Wright's claims about her childhood. It also reviewed character letters that she submitted, but the authors did not appear to know of the charges to which Wright had pled guilty. Contrary to Wright's suggestion, district courts are under no obligation to interview the authors of such letters. Deterrence is an important factor, *see* 18 U.S.C. § 3553(a)(2), and Wright's age alone does not make it irrelevant. A defendant in her late 40s may be less likely to commit violent crimes, but fraud is different. Indeed, Wright had taken a job as a bookkeeper at another company, offering her the opportunity to offend again. The District Court's conclusions do not constitute plain error.

\* \* \* \* \*

Wright's counsel adequately fulfilled the requirements of *Anders*. Because our independent review of the record fails to reveal any nonfrivolous ground for direct appeal, we grant counsel's motion to withdraw and affirm Wright's sentence.[1] In addition, we certify that the issues presented lack legal merit and that counsel is not

---

[1] Wright is hereby advised that should she wish to file before us a petition for rehearing, an original and 14 copies of a petition for rehearing *en banc* must be filed within 14 days of the entry of judgment, or, if that time has passed, she may promptly file a motion to enlarge the time for such filing. Counsel shall timely send a copy of this order to Wright.

required to file a petition for writ of *certiorari* with the Supreme Court. 3d Cir. L.A.R. 109.2(b).